Approved: /s/ _____
          Won S. Shin
          Assistant United States Attorney

Before:    HONORABLE PAUL E. DAVISON
           United States Magistrate Judge
           Southern District of New York

- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA            :    **SEALED COMPLAINT**

       - v. -                       :    Violations of
                                         18 U.S.C. §§ 641 and 2
JAMES ALISHEVSKY,                   :
                                         COUNTY OF OFFENSE:
              Defendant.            :    DUTCHESS

- - - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

      TONYA PERKINS, being duly sworn, deposes and says that she is a Special Agent with the Social Security Administration ("SSA"), Office of the Inspector General ("SSA-OIG"), and charges as follows:

### COUNT ONE

      1. From at least in or about February 2003, up to and including in or about March 2014, in the Southern District of New York and elsewhere, JAMES ALISHEVSKY, the defendant, willfully and knowingly did embezzle, steal, purloin, and convert to his use and the use of another, and without authority, did sell, convey, and dispose of records, vouchers, money, and things of value of the United States and a department and agency thereof, to wit, the Social Security Administration, which exceeded the sum of $1,000, and did receive, conceal, and retain the same with intent to convert it to his use and gain, knowing it to have been embezzled, stolen, purloined and converted, to wit, ALISHEVSKY received, retained, and converted to his own use Social Security benefits totaling approximately $168,319.00 that were issued to and intended for ALISHEVSKY's mother, after ALISHEVESKY's mother was deceased.

      (Title 18, United States Code, Sections 641 and 2.)

The bases for my knowledge and for the foregoing charges are, in part, as follows:

2. I am a Special Agent with SSA-OIG. I have been personally involved in the investigation of this matter, and I base this affidavit on my personal involvement, as well as on my conversations with other law enforcement agents and my examination of various reports and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause for the offenses cited above, it does not include all the facts that I have learned during the course of the investigation. Where the contents of conversations of others are reported herein, they are reported in substance and in part.

3. Based on my review of SSA records, I have learned, in substance and in part, the following:

   a. The SSA issued Social Security retirement benefits intended for the father of JAMES ALISHEVSKY, the defendant (the "Defendant's Father"), beginning in or about June 1974 and continuing through in or about June 1984.

   b. After the death of the Defendant's Father, the SSA issued Social Security survivors benefits intended for the mother of ALISHEVSKY (the "Defendant's Mother" or "his Mother"), beginning in or about June 1984 and continuing through in or about March 2014.

   c. Beginning in or about February 1997, the SSA issued Social Security survivors benefits intended for the Defendant's Mother by making electronic cash deposits into a Wells Fargo checking account (the "Wells Fargo Account").

4. Based on my review of a death certificate, I have learned, in substance and in part, that the Defendant's Mother died on or about February 18, 2003.

5. Based on my conversations with the director (the "Funeral Director") of a funeral home in Yonkers, New York (the "Funeral Home"), I have learned, in substance and in part, the following:

   a. The Funeral Home handled the funeral of the Defendant's Mother, which was held on or about February 22, 2003.

2

b. The Funeral Director dealt with JAMES ALISHEVSKY, the defendant, in connection with his Mother's funeral.

c. In the ordinary course of business, the Funeral Director explains to the deceased's family that the Funeral Director will submit the SSA's standard "Statement of Death by Funeral Director Form" to the SSA in order to stop the deceased's Social Security benefits, and that if there are any problems then the family should contact the SSA directly.

6. Based on my review of SSA records, I have learned, in substance and in part, the following:

a. On or about July 24, 2012, JAMES ALISHEVSKY, the defendant, completed an application for Social Security retirement benefits (the "Defendant's Application").

b. In the Defendant's Application, ALISHEVSKY provided an address in Hopewell Junction, New York (the "Hopewell Junction Address").

c. On or about July 29, 2012, the SSA mailed to ALISHEVSKY, at the Hopewell Junction Address, a "Notice of Award" notifying him of his entitlement to Social Security retirement benefits beginning September 2012.

d. The Notice of Award included the following paragraph: "Your benefits are based on the information you gave us. If this information changes, it could affect your benefits. For this reason, it is important that you report changes to us right away."

e. The Notice of Award also stated that a pamphlet entitled "What You Need To Know When You Get Retirement Or Survivors Benefits" (the "Pamphlet") was enclosed and stated that the Pamphlet "tells you what must be reported and how to report."

f. The Pamphlet states, under a heading "What you need to report to us" and a subheading "Your responsibilities," that "[i]t is important to let us know as soon as possible whenever one of the changes listed [below] occurs"; the Pamphlet lists "[i]f a beneficiary dies" as one of the reportable changes.

    g. The Pamphlet states, under a heading "Benefits for children," that "[i]f a child is getting benefits based on your work, there are important things you should know about his or her benefits." The Pamphlet further states, under a subheading "When a child reaches age 18," that "[a] child's benefits stop with the month before the child reaches age 18, unless the child is either disabled or is a full-time elementary or secondary school student."

    7. Based on my review of records maintained by Wells Fargo Bank, I have learned, in substance and in part, the following:

    a. The Wells Fargo Account is held in the names of JAMES ALISHEVSKY, the defendant, and his Mother.

    b. The mailing address for the Wells Fargo Account is the Hopewell Junction Address.

    c. From at least in or about January 2010, up to and including at least in or about March 2014, Social Security benefits have been deposited electronically into the Wells Fargo Account.

    d. From at least in or about January 2010, up to and including at least in or about June 2014, withdrawals have been made from the Wells Fargo Account.

    8. Based on my review of SSA records, I have learned that from in or about February 2003 through in or about March 2014, the SSA has issued approximately $168,319.00 in Benefits intended for the Defendant's Mother through electronic cash deposits into the Wells Fargo Account.

WHEREFORE, I respectfully request that a warrant be issued for the arrest of JAMES ALISHEVSKY, the defendant, and that he be imprisoned or bailed, as the case may be.

_____
TONYA PERKINS
Special Agent
Social Security Administration
Office of the Inspector General

Sworn to before me this
5th day of October, 2015

_____
THE HONORABLE PAUL E. DAVISON
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK